# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

CIVIL ACTION NO. 17-428-DLB

BRETT CURRY                                                                    PLAINTIFF

vs.                        **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**Commissioner of Social Security**                                        **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will **affirm** the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 28, 2014, Plaintiff Brett Curry filed an application for supplemental security income ("SSI"), alleging disability beginning on June 1, 1994. (Tr. 70). Specifically, Plaintiff alleged that he was limited in his ability to work due to the following: "ADHD," "ADD," "ODD," an eating disorder, a sleeping disorder, depression, and "PDD." (Tr. 278).

Plaintiff's claims were denied initially and on reconsideration. (Tr. 83, 110-15, 124-31). At Plaintiff's request, an administrative hearing was conducted on April 22, 2016, before Administrative Law Judge ("ALJ") Karen R. Jackson. (Tr. 36-68). On August 29, 2016, ALJ Jackson ruled that Plaintiff was not entitled to benefits. (Tr. 10-18). This

1

decision became the final decision of the Commissioner when the Appeals Council denied review on September 28, 2017.  (Tr. 1-6).

On October 29, 2017, Plaintiff filed the instant action.  (Doc. # 1).  This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review.  (Docs. # 10 and 12).

## II.     DISCUSSION

### A.     Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether the decision is supported by substantial evidence and was made pursuant to proper legal standards.  *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Id.*  Rather, the Court must affirm the Commissioner's decision, provided it is supported by substantial evidence, even if the Court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side.  *Listenbee v. Sec'y of Health and Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion.  *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

B. **The ALJ's Determination**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2014.[1] (Tr. 12). At Step Two, the ALJ determined that Plaintiff had the following severe impairments: "attention-deficit-hyperactivity disorder; history of schizophrenia; Asperger's disorder; anxiety disorder; and depressive disorder (20 CFR 416.920(c))." *Id.* At Step Three, while recognizing that Plaintiff had "severe" impairments, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that "meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (416.920(d), 416.925 and 416.926)." *Id.*

At Step Four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels" with the non-exertional

---

[1] Although Plaintiff claims that his disability began in 1994, the Commissioner had previously denied Plaintiff's earlier applications for SSI and Disability Insurance Benefits on October 3, 2007. (Tr. 10). Those decisions having become final, the ALJ used the date of application as the date to consider in determining whether Plaintiff was under a disability. (Tr. 12, 18).

3

limitations as follows:

> The claimant is able to perform work that requires object-focused work environment in which contact with co-workers and supervisors is casual and occasional in a non-public work setting. He is able to perform work that requires simple routine work tasks. He is able to perform work that requires attention and concentration for two-hour segments during an eight-hour workday. He is able to adapt to gradual changes in a routine work environment. He is able to perform work that does not require fast-paced production quotas or goals.

(Tr. 13-14). Based upon the RFC, the ALJ concluded that Plaintiff was not able to perform his past relevant work. (Tr. 17). Accordingly, the ALJ proceeded to Step Five and found that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from January 28, 2014, through the date of decision. (Tr. 18).

### C. Substantial evidence supports the ALJ's decision.

Plaintiff presents one issue on appeal, arguing the ALJ's decision was not supported by substantial evidence because the ALJ "failed to properly evaluate the opinion evidence and improperly rejected the opinions of treating and examining medical sources." (Doc. # 10 at 6). For the reasons below, the Court disagrees and finds that the ALJ's determination is supported by substantial evidence.

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1502. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.* A non-treating source is an acceptable medical source who has examined

4

the claimant but does not have an ongoing treatment relationship with him or her, and a non-examining source is one that has not examined the claimant but has provided medical or other opinion evidence in the case. *Id.* In evaluating the opinion of treating, non-examining, and non-treating medical sources, the ALJ must consider the length, frequency, nature, and extent of the treatment relationship; evidence in support of the opinion; consistency of the opinion with evidence in the record; the physician's specialization; and other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(1)-(6).

Plaintiff's Motion for Summary Judgment (Doc. # 10) argues that the ALJ "disregarded the opinions" of Doctor Hogg, Doctor Hudson, and counselor Miller. (Doc. # 10 at 12). Plaintiff argues that the ALJ failed to "consider all of treating and examining source opinions" and thereby failed to "properly evaluate the clinical evidence of record." *Id.* However, the administrative record belies Plaintiff's claim.

In determining the Plaintiff's RFC, the ALJ analyzed the record, including medical and testimonial evidence. (Tr. 14-17). The ALJ considered Plaintiff's testimony at the hearing on this matter, Plaintiff's testimony through statements made in the documentary record, statements Plaintiff had previously made to the Social Security Administration, and the third-party function reports submitted by Plaintiff's grandmother, stepfather, and friend. (Tr. 14-16). The ALJ considered the examination notes and medical opinion of Christi M. Hundley, Ph.D., the treatment notes of Samuel Miller, LPCC, the psychological examination of Plaintiff by Edd Easton-Hogg, Psy.D., and additional medical source statements of David Hudson, M.D., Samuel A. Miller, LPCC, and Tony Miller, LPCC. (Tr. 15-16).

The ALJ explained first that she gave Doctor Hundley's opinion great weight, as it was "consistent with the evidence as a whole, with the objective findings and symptoms reported in treatment notes." (Tr. 15). Doctor Hundley's notes indicate that Plaintiff underwent an examination, presenting in an unremarkable manner, with "coherent and relevant" speech, a neutral mood, and an "appropriate to constricted" range of affect. *Id*. Plaintiff did not appear to be labile or distractable, with adequate form of thought. *Id*. He "did not report or exhibit any psychotic symptoms," "denied current suicidal or homicidal ideation," and was able to "understand and remember simple instructions." *Id*. Doctor Hundley also found that Plaintiff was capable of maintaining attention and concentration at the time, but based upon Plaintiff's own description, his ability was "guarded to poor." *Id*. In addition, based upon Plaintiff's statements, Doctor Hundley surmised that Plaintiff's "ability to handle the stress associated with a work environment" was "guarded." *Id*.

The ALJ also reviewed two years of treatment notes by Samuel Miller, LPCC, noting that Plaintiff "complained of anxiety, poor sleep, paranoia and auditory/visual hallucinations," but presented as "fully oriented, affect was appropriate, and mood was normal." *Id*. The treatment notes indicate that Plaintiff's thought process was "spontaneous, clear, and coherent and goal directed," with "no abnormal thought content, suicide ideation or homicide ideation reported." *Id*. Counselor Miller found Plaintiff to be of average intellectual functioning, to have an unimpaired memory, and to have adequate concentration and social judgment. *Id*. Plaintiff's subjective complaints and report of visual and auditory hallucinations were minimally supported by examination. *Id*. In addition, the notes indicate Plaintiff's suggestion that his schizophrenia symptoms would be mitigated when he was able to move into his own place, and that the record shows

6

that Plaintiff was no longer living with his grandmother at the date of the ALJ's determination. *Id*. Finally, counselor Miller's notes show that Plaintiff had identified coping mechanisms for his anxiety and depression, that he was able to play video games, listen to music, provide and care for his three-year-old daughter, and that his relationship with his ex-girlfriend had improved. *Id*. Plaintiff concedes that counselor Miller's opinion was not an "acceptable medical source," but that his notes, observations, and conclusions should be considered as "other source opinion" presented to indicate the severity of Plaintiff's impairment(s). (Doc. # 10 at 9-10). However, Plaintiff argues that the "length and frequency of the treatment" provided to him by counselor Miller should have given the ALJ reason to give more weight to counselor Miller's opinions than the opinions of other medical professionals. *Id.* at 10.

The ALJ also reviewed the psychological evaluation of Plaintiff completed by Edd Easton-Hogg, Psy.D., whose notes about Plaintiff's demeanor, concentration, general orientation and alertness, memory, affect, thought process, and current schizophrenia symptoms paralleled those of Dr. Hundley. (Tr. 15-16). Doctor Easton-Hogg, however, opined that Plaintiff's coping abilities were "poor, overwhelmed and dependent" and that Plaintiff lacked skills in decision making and socializing, in part due to hallucinations. (Tr. 16). Despite his earlier assessments about Plaintiff's initial presentation, Doctor Easton-Hogg concluded that Plaintiff's ability to understand, remember, and carry out instructions to perform simple, repetitive tasks was moderately affected by Plaintiff's symptoms. *Id.* Doctor Easton-Hogg also concluded that Plaintiff's ability to tolerate the stress and pressure of day-to-day employment and to respond to supervisors and coworkers was markedly affected by Plaintiff's symptoms, and that Plaintiff's hallucinations were likely to

7

substantially inhibit Plaintiff's social activities. *Id.* The ALJ gave Doctor Easton-Hogg's conclusions little weight, as they were not consistent with the evidence as a whole, including Plaintiff's activities of daily living, such as caring for his young daughter. *Id.*

In addition, the ALJ reviewed medical source statements from Doctor David Hudson, Samuel A. Miller, LPCC, and Tony Miller, LPCC.[2] *Id.* These evaluations suggested that Plaintiff had moderate, marked, and extreme limitations due to his severe and persistent impairments; however, as the ALJ found that the medical evidence as a whole did not support these conclusions, including Plaintiff's care for his young daughter, the ALJ gave these conclusions little weight. *Id.*

Plaintiff's argument can be summarized as follows: the ALJ chose to give more weight to medical opinions that were not as beneficial to Plaintiff as certain others. (Doc. # 10 at 12). This may be accurate statement, as the ALJ is required to evaluate and assign weight to the various medical opinions presented for his or her review. 20 C.F.R. § 404.1527(c)(1)-(6). However, the argument misses the mark, as Plaintiff's burden is to show that the ALJ's order is not supported by substantial evidence, not that the ALJ's opinion is less beneficial to Plaintiff than it could be. After all, "[e]ven if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached." *Her*, 203 F.3d at 389-90; *see also Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

---

[2] In a footnote, Plaintiff claims that Samuel Miller, Samuel A. Miller, and Tony Miller are all the same person. (Doc. # 10 at 6 n.1). This claim, whether true or not, does not alter the Court's analysis.

This deferential standard applies even to Plaintiff's specific challenges to the ALJ's decision, where he argues that (1) the ALJ did not "adequately explain why he rejected" counselor Miller's opinions, and (2) the ALJ should have taken into account "the fact that [Doctor] Hundley specifically deferred to the Plaintiff's counselors" (Doc. # 10 at 10-11). However, the ALJ significantly incorporated counselor Miller's notes into his determination. (Tr. 15). Where the ALJ gave less weight to counselor Miller's opinions, she explained why: the medical evidence as a whole did not support the opinions. (Tr. 16). Second, Doctor Hundley's deference to Plaintiff's counselors was to clarify the manifestation of Plaintiff's symptoms, not to determine the level of impairment he might be suffering. (Tr. 472). Plaintiff's arguments are without merit, and certainly do not rise to the level of satisfying Plaintiff's burden to show that the ALJ's decision was not supported by substantial evidence.

"Substantial evidence review comes to this: Did the ALJ use 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'?" *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 904 (6th Cir. 2016) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The ALJ's comprehensive analysis of the issues raised by Plaintiff "satisfies this modest standard." *Id.* The Commissioner's decision will therefore be **affirmed**.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)  The decision of the Commissioner is found to be supported by substantial

evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 12) is hereby **GRANTED;** and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 2nd day of August, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\Lexington\17-428 Curry MOO.docx